# UNITED STATES DISTRICT COURT

# MIDDLE DISTRICT OF LOUISIANA

NICHOLAS A. FETTY, ET UX.                    CIVIL ACTION NO.

VERSUS                                        18-945-SDD-RLB

THE CITY OF BATON ROUGE, CHIEF
MURPHY J. PAUL, JR., CHIEF OF POLICE,
BATON ROUGE CITY POLICE; SECRETARY
JAMES M. LEBLANC, LA DEPT. OF PUBLIC
SAFETY AND CORRECTIONS; COL. KEVIN W.
REEVES, SUPERINTENDENT, LA STATE POLICE;
OFFICER BRIAN STRONG, BRPD; SEVEN (7) YET
TO BE IDENTIFIED LA STATE TROOPERS

## RULING

This matter is before the Court on the *Motion to Stay Proceedings Due to Pending Criminal Charges*[1] by Defendants, The City of Baton Rouge/Parish of East Baton Rouge ("City/Parish"), Chief of Police, Murphy J. Paul, Jr. ("Paul"), and Officer Brian Strong ("Strong"). Plaintiffs Nicholas A. Fetty ("Fetty" or "Plaintiff") and Emily Fetty ("Emily")(or collectively "Plaintiffs") have filed an *Opposition*[2] to this motion, to which Defendants filed a *Reply*.[3] For the following reasons, the Court finds that Defendants' motion should be denied.

## I.   FACTUAL BACKGROUND

On November 1, 2017, Plaintiffs attended a concert at the Texas Club in Baton

---
[1] Rec. Doc. No. 12.
[2] Rec. Doc. No. 16.
[3] Rec. Doc. No. 23.
51292

Rouge, Louisiana.[4] That night, Fetty was arrested in the parking lot of the club by several officers with the Louisiana State Police Fugitive Task Force.[5] Fetty acknowledges that the arrest was made pursuant to an arrest warrant for alleged conduct that occurred about two weeks prior to his arrest, on or about October 13, 2017, in a subdivision south of the campus of Louisiana State University.[6] Fetty was arrested was for alleged false imprisonment while armed with a dangerous weapon and simple assault.[7] Fetty claims that the officers used unreasonable and excessive force in making this arrest, and, as result, he suffered significant injuries.[8] Plaintiffs filed this lawsuit asserting that Defendants violated Fetty's federal constitutional rights pursuant to 42 U.S.C. § 1983 and violated his rights under the Louisiana Constitution and Louisiana tort law.

Defendants now move to stay this civil proceeding pursuant to *Heck v. Humphrey*,[9] arguing that a stay in this case is necessary due to the potential for dismissal of this lawsuit if a judgment in Fetty's favor herein would imply the invalidity of a potential conviction or sentence on the charges he faces. Defendants acknowledge that, at the time of this motion, the State of Louisiana has not brought formal charges against Fetty, and the District Attorney's Office did not provide a date that a Bill of Information would be filed.[10]

Plaintiffs oppose Defendants' motion, arguing that *Heck* is inapplicable here because none of the allegations which form the basis for Plaintiff's *Complaint* stem from

---

[4] Rec. Doc. No. 1, ¶ 6.
[5] *Id.* at ¶¶ 11-12.
[6] Rec. Doc. No. 16 at 2.
[7] *Id.* at 5.
[8] Rec. Doc. No. 1, ¶¶ 13-16.
[9] 512 U.S. 477 (1994).
[10] Rec. Doc. No. 12-1 at 1.
51292

the incident on October 13, 2017. Plaintiffs maintain that the facts and circumstances surrounding the allegations in their *Complaint* regarding excessive force during Fetty's arrest have noting to do with the facts and circumstances surrounding the events that allegedly occurred over two weeks prior. Thus, the relevant facts at issue in this litigation would not interfere with any pending state prosecution of Fetty for his alleged conduct on October 13, 2017.

## II.     LAW AND ANALYSIS

### A.  *Heck v. Humphrey*

It is well-settled that a Section 1983 claim for damages cannot directly attack the constitutionality of a conviction, imprisonment, or other harm caused by unlawful actions unless that conviction or sentence has been "reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such a determination, or called into question by a federal court's issuance of a writ of habeas corpus."[11] This burden placed on Section 1983 plaintiffs is for the purpose of avoiding collateral attacks by plaintiffs on convictions that are "still outstanding."[12] In the absence of this circumstance, "the maturity of a § 1983 claim depends on 'whether a judgment in favor of the [p]laintiff ... would necessarily imply the invalidity of [the plaintiff's] conviction.'"[13] However, the alleged constitutional violation should not be barred "if the factual basis for the conviction is temporally and conceptually distinct from the excessive

---

[11] *See Hudson v. Hughes*, 98 F.3d 868, 872 (5th Cir.1996) (quoting *Heck*, 512 U.S. at 487) (internal quotations omitted).
[12] *See id.* (quoting *Heck*, 512 U.S. at 487) (internal quotations omitted).
[13] *See id.* (quoting *Heck*, 512 U.S. at 487).

51292

force claim."[14] Thus, "if the district court determines that [the plaintiff's] action, even if successful, will not demonstrate the invalidity of any outstanding criminal judgment against [the plaintiff], the action should be allowed to proceed ... ."[15]

The Fifth Circuit has explained that "a plaintiff's claim is *Heck*-barred despite its theoretical compatibility with his underlying conviction if specific factual allegations in the complaint are necessarily inconsistent with the validity of the conviction."[16] This is because "factual assertions in pleadings are ... judicial admissions conclusively binding on the party that made them."[17] Accordingly, "when a plaintiff contends that he did not resist arrest, that is, that he committed no offense and was instead unjustly victimized, the Fifth Circuit has uniformly concluded that his excessive force claim is *Heck* barred because the excessive force claim necessarily attacks the validity of the conviction for resisting arrest."[18] "Moreover, when there is no temporal and conceptual distinction between the factual basis for the conviction and the excessive force claim, that is, when the complained of use of force is applied during or simultaneously with the arrest, *Heck* applies."[19] In these cases, the "[p]laintiff's claims are dismissed with prejudice to their

---

[14] *See Bush v. Strain*, 513 F.3d 492, 498 (5th Cir. 2008); *see also, e.g., Ballard v. Barton*, 444 F.3d 391, 401 (5th Cir. 2006) (holding that the excessive force claim against an officer other than the one the plaintiff was convicted of assaulting was "conceptually distinct," and therefore, the two could "easily coexist").
[15] *Heck*, 512 U.S. at 487.
[16] *Bush*, 513 F.3d at 498 n. 14.
[17] *Daigre v. City of Waveland, Miss.*, 549 Fed.Appx. 283, 286 (5th Cir. 2013) (quoting *Davis v. A.G. Edwards & Sons, Inc.*, 823 F.2d 105, 108 (5th Cir. 1987) (alterations and citation omitted)).
[18] *Price v. City of Rayne*, No. 13-0790, 2016 WL 866945 at *3 (W.D. La. Mar. 3, 2016)(citing *DeLeon v. City of Corpus Christi*, 488 F.3d 649, 656–57 (5th Cir. 2007); *Daigre*, 549 Fed.Appx. at 287; *Walker v. Munsell*, 281 Fed.Appx. 388, 390 (5th Cir. 2008); *Arnold v. Town of Slaughter*, 100 Fed.Appx. 321, 324 (5th Cir. 2004)).
[19] *Id.* (citing *Walter v. Horseshoe Entertainment*, 483 Fed.Appx. 884, 887 (5th Cir. 2012); *Bush*, 513 F.3d at 495, 498 (use of force after arrest and handcuffing when resistance by the arrestee had ceased was temporally and conceptually distinct from the criminal conviction); *DeLeon*, 488 F.3d at 656-657 (finding that the complaint did not allege that the claims of excessive force were separable from the plaintiff's aggravated assault on the officer); *Pratt v. Giroir*, 2008 WL 975052, at *5 (E.D. La. Apr. 8, 2008) ("Fifth

51292

being asserted again until the *Heck* conditions are met."[20]

   B. Application

In this case, the Court finds that the actions that form the basis of this lawsuit are temporally, conceptually, and factually distinct from the alleged conduct for which Fetty was arrested. In fact, none of the allegations which form the basis for Plaintiff's *Complaint* occurred on October 13, 2017. There is no suggestion, and Defendants have not argued, that the Defendants' alleged use of excessive force occurred simultaneously, or even in close proximity, to Fetty's alleged conduct on October 13, 2017.

In *Thomas v. Pohlmann*, the Fifth Circuit addressed this issue.[21] Pamela Thomas and Ernest Jones ("plaintiffs") were both charged with and pleaded guilty to resisting an officer in violation of Louisiana Revised Statute § 14:108.[22] The district court concluded that the plaintiffs' excessive force claim was barred by *Heck* based on these convictions. The district court reasoned that this claim was necessarily inconsistent with the plaintiffs' convictions for resisting an officer because, in making this claim, they argued that they acted innocently throughout their encounter with police. Specifically, the plaintiffs' complaint alleged that they "acted in a lawful manner" "[a]t all times during the encounter with the [police]."[23]

On appeal, the Fifth Circuit distinguished the plaintiffs' claims from those in cases where the *Heck* bar applied:

> Pamela's and Ernest's excessive force claim is distinguishable from those

---

Circuit precedent is clear that whether the plaintiff alleges excessive force during or simultaneous with an arrest versus after an arrest results in distinct consequences under *Heck*.").
[20] *DeLeon*, 488 F.3d at 657 (quoting *Johnson v. McElveen*, 101 F.3d 423, 424 (5th Cir. 1996)).
[21] 681 Fed. Appx. 401 (5th Cir. 2017).
[22] *Id.* at 406-407.
[23] *Id.* at 407.
51292

raised by the foregoing cases. Unlike the plaintiffs in those cases, Pamela and Ernest do not allege that SBSO used excessive force merely in effectuating their arrest. Rather, they also allege that SBSO used excessive force while they were imprisoned in the St. Bernard Parish Jail, where they claim they "remained for an extended period of time without proper maintenance, [were] denied medical treatment and continually battered and assaulted by the defendants." In other words, Pamela and Ernest allege that they were subjected to excessive force after they stopped resisting arrest. "[A] claim that excessive force occurred after the arrestee[s] ha[d] ceased [their] resistance [does] not necessarily imply the invalidity of a conviction for the earlier resistance." Therefore, at least a portion of Pamela's and Ernest's excessive force claim is "temporally and conceptually distinct" from their conviction for resisting an officer. **This is underscored by the fact that their conviction relates to the events of their arrest that occurred in the Dollar General parking lot, while the claim relates to events that occurred after they were jailed in the St. Bernard Parish Jail.** Accordingly, Pamela's and Ernest's excessive force claim will not necessarily undermine their convictions for resisting an officer, and thus the district court erred in concluding this claim was barred by *Heck*.[24]

Applying the Fifth Circuit's reasoning in *Thomas* to the facts of this case, Defendants' motion must be denied. The allegations in Plaintiffs' *Complaint* are far more removed from his potential convictions than those involved in *Thomas*. Indeed, the current record is devoid of facts to suggest that Fetty has been charged with any crime(s) based on his conduct on the night of his arrest. Thus, the conduct of the officers in arresting Fetty on November 1, 2017 is temporally, conceptually, and factually distinct from the charges Fetty may face for his alleged conduct on October 13, 2017. If Fetty carries his burden in the instant lawsuit, a judgment in Plaintiffs' favor in this case would not imply or even suggest the invalidity of any potential conviction for the charges brought against Fetty for the October 13, 2017 incident. Accordingly, a *Heck* bar is not appropriate or necessary in this case.

---

[24] *Id.* (internal citations omitted).

### III. CONCLUSION

For the reasons set forth above, Defendants' *Motion to Stay Proceedings Due to Pending Criminal Charges* [25] is DENIED. This matter is referred back to the Magistrate Judge for further proceedings.

**IT IS SO ORDERED.**

Signed in Baton Rouge, Louisiana on April 29, 2019.

*Shelly D. Dick*
**CHIEF JUDGE SHELLY D. DICK
UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA**

---

[25] Rec. Doc. No. 12.
51292