# UNITED STATES DISTRICT COURT

# MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| NICHOLAS A. FETTY, ET UX. | CIVIL ACTION NO. |
| VERSUS | 18-945-SDD-RLB |
| THE CITY OF BATON ROUGE, CHIEF MURPHY J. PAUL, JR., CHIEF OF POLICE, BATON ROUGE CITY POLICE; SECRETARY JAMES M. LEBLANC, LA DEPT. OF PUBLIC SAFETY AND CORRECTIONS; COL. KEVIN W. REEVES, SUPERINTENDENT, LA STATE POLICE; OFFICER BRIAN STRONG, BRPD; SEVEN (7) YET TO BE IDENTIFIED LA STATE TROOPERS | |

## RULING

Before the Court are two pretrial *Motions in Limine*; a *Motion in Limine* filed by the City of Baton Rouge, Joel Pattison, Murphy J. Paul, Jr., Brian Strong, Brian Watson:[1] and, a *Motion in Limine* filed by the Plaintiffs.[2] Oppositions have been filed.[3]

For the following reason the Motions are denied in part and granted in part.

I. **Defendants Pattison and Watson *Motion in Limine*[4]**

   A. <u>Motion to Exclude Witnesses identified by the Plaintiff for the first time in the Pretrial Order[5]</u>

In the *Pretrial Order*, Plaintiff identified the following as "will call" witnesses.

---

[1] Rec. Doc. 100. Defendants City of Baton, Murphy Paul, Jr. and Brian Strong have been previously dismissed with prejudice. Rec. Doc. 87. Hence, the Court treats this as a Motion by Defendants Joel Pattison and Brian Watson.
[2] Rec. Doc. 102
[3] Rec. Doc. Nos. 107, 108, 109.
[4] Rec. Doc. 100, Plaintiff's Opposition at Rec Doc. 108.
[5] Rec. Doc. 98.

(4)  Emergency Room Treating Physician, Our Lady of the Lake Regional Medical Center

(15) Luke Polasik, East Baton Rouge Parish Emergency Medical Services

(16) East Baton Rouge Parish Prison Medical Attendant, East Baton Rouge Prison

Witnesses #4 and 16 shall be excluded for the failure to identify the proposed witnesses by name and for the failure to identify and/or disclose the witness in discovery and in Rule 26 disclosures.

Witness #15, Luke Polasik, shall be excluded for the failure to identify the proposed witness to identify and/or disclose the witness in discovery and in Rule 26 disclosures.

B.  Medical Records

In the *Pretrial Order*, Plaintiffs listed various medical records and reports - Exhibits 17, 18, 19, and 25.[6] Medical records and reports were specifically requested by movants in discovery.[7]

Plaintiffs concede that they produced no medical records. Rather, in response to Movant's Request for Productions, Plaintiffs stated that they were "currently not in possession of any medical report or medical record prepared in connection with any treatment" and committed to "supplement these responses upon receipt of any documents that would be responsive hereto."[8]

---

[6] **Exhibit 17:** Complete medical records, including but not limited to any x-rays or other diagnostic films, detailed billing and narrative reports, concerning plaintiff Nicholas A. Fetty, or excerpts thereof from Our Lady of the Lake Regional Medical Center, Emergency Room.
**Exhibit 18:** Complete medical records, including but not limited to any x-rays or other diagnostic films, detailed billing and narrative reports, concerning plaintiff Nicholas A. Fetty, or excerpts thereof from the East Baton Rouge Parish Prison Medical Facility.
**Exhibit 19:** Complete medical and/or psychological records, including but not limited to detailed billing and narrative reports, concerning plaintiff Nicholas A. Fetty, or excerpts thereof from Christine Angelloz, Ph.D.;
**Exhibit 25:** East Baton Rouge Parish EMS, Patient Care Record, of Emergency Medical Technician Luke Polasik dated November 2, 2017. Rec. Doc. 98.
[7] Rec. Doc. 100-1.
[8] Rec. Doc. 108-1.

As an excuse for not producing the medical records, Plaintiffs submit that the movants failed to provide authorizations for the release of medical records.

The Plaintiffs have the burden of proof. Plaintiffs were obliged under FRCP Rule 26 to produce "all documents . . . in [their] possession, custody, or control [that they] may use to support [their] claims."[9] Plaintiffs were obliged to produce the medical records that substantiate their personal and psychological injury claims. They may not rest on the laurels behind an excuse that the Defendants failed to provide them with a medical release. The *Motion in Limine* as to the unproduced medical records and bills is GRANTED, and Plaintiffs' Exhibits 17, 18, 19 and 25 are EXCLUDED.

3.  Dr. Tiffany Simon and Dr. Christine Angelloz

The deadline to propound discovery and to disclose experts was January 13, 2020.[10] The deadline to depose experts was June 9, 2020.[11] Dr. Tiffany Simon was identified in Response to Interrogatories Number(s) 11 and 14 as having treated Plaintiff, Emily Fetty. However, no medical records were produced. Furthermore, Emily Fetty's loss of consortium is a state law claim which has been dismissed as abandoned.[12] Accordingly, the Defendants *Motion in Limine* to exclude Dr. Tiffany Simon is GRANTED.

Dr. Christine Angelloz was not identified by the Plaintiffs in discovery, but she was timely designated as an "expert" by the Plaintiffs, and Plaintiffs produced a "preliminary report" from Dr. Angelloz on March 10, 2020.[13] The medical records have been previously excluded for failure to comply with discovery. Dr. Angelloz may testify but shall be limited

---

[9] FRCP Rule 26(a)(1)(A)(ii).
[10] Rec. Doc. 42.
[11] Rec. Doc. 45.
[12] Rec. Doc. 97.
[13] Rec. Doc. 108-1.
DM 67082                                                                                                   3

to the opinions and the scope of her preliminary report. The Defendants' *Motion in Limine* to exclude Dr. Angelloz is DENIED; however, her testimony shall be limited to the scope of and the opinions stated in her preliminary report.

### 4. Testimony of Haldon "Max" Fetty and Cody Harrington

BRPD Defendants move to exclude testimony from Max Fetty and Cody Harington on the grounds of relevance. The *Motion in Limine* is DENIED, without prejudice to urging objections at trial. Hearsay and relevance objections as to the handwritten recorded statements of these two witnesses are reserved to the time of trial.

## II. Plaintiffs' *Motion in Limine*[14]

### 1. Other Pending Litigation by Plaintiff

Plaintiff moves to exclude reference to and evidence related to claims by the Plaintiff, Nicholas Fetty, in litigation encaptioned, "*Nicholas A. Fetty, et al. v.The Louisiana State Board of Private Security Examiners, et al*.," bearing Docket Number 3:18-cv-517, United States District Court for the Middle District of Louisiana. The Defendants concede[15] that they will not seek to offer evidence of this suit or the underlying facts. Accordingly, the *Motion in Limine* to exclude evidence of Civil Action 3:18 cv 5167 is GRANTED as unopposed.

### 2. Nicholas Fetty's Arrest and the Arrest Warrant

Plaintiff moves to exclude as improper character evidence under FRE 404, evidence of the arrest warrant issued by Judge Moore of the 19the JDC on October 31, 2017, the Affidavit of probable cause also dated October 31, 2017, and evidence of the events of October 14, 2017, which are articulated in the probable cause Affidavit.

---

[14] Rec. Doc. 102.
[15] Rec. Docs. 107 and 109.

Defendants counter that the events that gave rise to the arrest warrant are probative of "motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident" and therefore admissible under FRE 404(b)(2). The City of Baton Rouge Defendants submit that the factual basis which supports the charges of Simple Battery and Felony False Arrest with a Dangerous Weapon "is directly relevant to the defenses in this suit, and in particular, whether the officers acted reasonably with regards to Plaintiffs' excessive force claim."[16]

The City of Baton Rouge Defendants argue that, "[w]hether the amount of force used is clearly 'excessive' and 'unreasonable' depends on 'the facts and circumstances of each particular case.'"[17] "Factors to consider include the severity of the crime at issue, whether the suspect poses an immediate threat to the safety of the officers or others, and whether he is actively resisting arrest or attempting to evade arrest by flight."[18] "The 'reasonableness' of a particular use of force must be judged from the perspective of a reasonable officer on the scene, rather than with the 20/20 vision of hindsight."[19] Defendants argue that the facts that underly the arrest warrant is "information [that] should be considered when determining whether the officers' actions in arresting Fetty were objectively reasonable."[20]

Similarly, Defendants LeBlanc and Reeves argue that, "the Felony Task Unit's knowledge that the arrest warrant was issued for simple battery and false imprisonment while armed with a dangerous weapon is relevant to the objective reasonableness

---

[16] Rec. Doc. 109, p. 4.
[17] *Id.* (quoting *Brown v. Lynch*, 524 F. App'x 69, 79 (5th Cir. 2013)(internal quotation marks omitted)).
[18] *Id.* (quoting *Deville v. Marcantel*, 567 F.3d 156, 167 (5th Cir. 2009)(internal quotation marks omitted)).
[19] *Id.* (quoting *Graham v. Connor*, 490 U.S. 386, 396 (1989)(internal quotation marks omitted)).
[20] *Id.* at p. 6.

standard."[21]

The Court observes that FRE 404(b) is a rule of exclusion. By its express terms "[e]vidence of any other crime, wrong, or act is not admissible to prove a person's character in order to show that on a particular occasion the person acted in accordance with the character." Other acts evidence *may* be admissible for another purpose such as to proving the actor's "motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident." Defendants purport to offer Fetty's alleged prior conduct as probative of the arresting officer's reasonableness. The Supreme Court has held that, under certain circumstances, evidence of this type of conduct is admissible to demonstrate the objective reasonableness of the force officers used in making an arrest, under the totality of the circumstances. Indeed, in *Graham v. Connor*, the United States Supreme Court listed factors to help determine whether a police officer's use of force was reasonable under the Fourth Amendment:

> Determining whether the force used to effect a particular seizure is "reasonable" under the Fourth Amendment requires a careful balancing of the nature and quality of the intrusion on the individual's Fourth Amendment interests against the countervailing governmental interests at stake. Our Fourth Amendment jurisprudence has long recognized that the right to make an arrest or investigatory stop necessarily carries with it the right to use some degree of physical coercion or threat thereof to effect it. Because [t]he test of reasonableness under the Fourth Amendment is not capable of precise definition or mechanical application, however, its proper application requires careful attention to the facts and circumstances of each particular case, **including the severity of the crime at issue**, whether the suspect poses an immediate threat to the safety of the officers or others, and whether he is actively resisting arrest or attempting to evade arrest by flight.[22]

Accordingly, the Court will defer the *Motion in Limine* to exclude evidence of the

---

[21] Rec. Doc. 107, p. 4 (emphasis omitted).
[22] *Graham v. Connor*, 490 U.S. 386, 395 (1989).

alleged conduct of October 14, 2017 and the Affidavit of probable cause and arrest warrant of October 31, 2017 to the time of trial. All objections are reserved and may be urged at the time of trial.

Signed in Baton Rouge, Louisiana the 5th day of May, 2021.

_____
**CHIEF JUDGE SHELLY D. DICK**
**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF LOUISIANA**