# UNITED STATES DISTRICT COURT

# MIDDLE DISTRICT OF LOUISIANA

NICHOLAS A. FETTY, ET UX.                          CIVIL ACTION NO.

VERSUS                                                                18-945-SDD-RLB

THE CITY OF BATON ROUGE, CHIEF
MURPHY J. PAUL, JR., CHIEF OF POLICE,
BATON ROUGE CITY POLICE; SECRETARY
JAMES M. LEBLANC, LA DEPT. OF PUBLIC
SAFETY AND CORRECTIONS; COL. KEVIN W.
REEVES, SUPERINTENDENT, LA STATE POLICE;
OFFICER BRIAN STRONG, BRPD; SEVEN (7) YET
TO BE IDENTIFIED LA STATE TROOPERS

## RULING

This matter came before the Court for a Final Pre-Trial Conference on May 4, 2021, to discuss the May 17, 2021 jury trial.[1] The Court has previously dismissed from this matter the City/Parish, Chief Murphy Paul, and Detective Brian Strong.[2] The Court dismissed all *Monell* claims and ultimately dismissed all state law claims,[3] as they remained facially deficient in the *Second Amended Complaint* despite Plaintiffs having multiple opportunities to cure.

Curiously, Defendants Department of Corrections Secretary James LeBlanc ("LeBlanc") and Louisiana State Police Retired Colonel Kevin Reeves ("Reeves") never moved for dismissal, although no allegations were made against LeBlanc in any

---

[1] Rec. Doc. No. 110.
[2] *See* Rec. Doc. No. 87.
[3] *See* Rec. Doc. No. 97.
Document Number: 67237                                                                                             1

complaint, and the only allegations made against Reeves were identical to those made against Chief Paul and/or the City/Parish under *Monell*. Specifically, in the *Second Amended Complaint*, Plaintiffs name as a defendant Colonel Reeves, in his roles as Deputy Secretary of the Louisiana Department of Public Safety & Corrections and Superintendent of the Louisiana State Police, and they plead the following allegations against him: negligence in hiring, supervising, and training defendants; failure to properly train various officers; and failure to properly supervise officers regarding use of force.[4] No other allegations are asserted against Reeves.

Having granted summary judgment in favor of the City/Parish for the reasons assigned, and finding that, as a matter of law, the same reasoning and analysis applies also to Reeves, the Court ordered the Parties to brief whether any viable claims remained for trial against Defendants LeBlanc and/or Reeves.[5] In response, Defendants maintain that Secretary LeBlanc and Colonel Reeves should be dismissed for the same reasons set forth in this Court's previous *Rulings*.[6] Plaintiffs abandon any claims against LeBlanc in failing to brief his status; however, as to Reeves, Plaintiffs make generally the same arguments previously rejected by the Court when opposing the City/Parish's motion.[7]

Plaintiffs again miss the mark in arguing there are viable *Monell* and/or excessive force claims against Reeves. While Plaintiffs cite ample case law explaining the theory

---

[4] Rec. Doc. No. 33, pp. 6-7.
[5] Rec. Doc. No. 110. The court possesses inherent authority to dismiss an action *sua sponte*, without motion by a defendant. *McCullough v. Lynaugh*, 835 F.2d 1126, 1127 (5th Cir.1988)(citing *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630–31 (1962). Further, a "district court may dismiss an action on its own motion under Rule 12(b)(6) 'as long as the procedure employed is fair.'" *Bazrowx v. Scott*, 136 F.3d 1053, 1054 (5th Cir.1998); *see also McCoy v. Wade*, 2007 WL 1098738, *1 (W.D.La. Mar. 12, 2007)(the report and recommendation itself provides adequate notice to the parties)(citing *Magourik v. Phillips*, 144 F.3d 348, 359 (5th Cir.1998)). In the interest of fairness, the Court provided Plaintiffs an opportunity to address the Court's concerns regarding the viability of the claims against LeBlanc and Reeves prior to dismissal.
[6] Rec. Doc. Nos. 114 & 115.
[7] Rec. Doc. No. 116.

Document Number: 67237                                                                 2

of *Monell* liability, Plaintiffs fail to address the defect that has been identified and remains present regarding these claims – Plaintiffs have not pled factual allegations against Reeves to support such claims, despite repeated opportunities to do so.

Accordingly, for the same reasons set forth in the Court's previous *Rulings*, all claims asserted against Secretary James LeBlanc and Colonel Kevin Reeves in this matter are hereby dismissed with prejudice. Further, the claims asserted against Secretary LeBlanc are dismissed as abandoned.

**IT IS SO ORDERED.**

Signed in Baton Rouge, Louisiana on <u>May 11, 2021</u>.

**CHIEF JUDGE SHELLY D. DICK
UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA**